# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOHNNIE JOHNSON | ) |
| | ) |
| Plaintiff, | ) No. 06 C 5086 |
| | ) |
| v. | ) |
| | ) Wayne R. Andersen |
| JOLIET JUNIOR COLLEGE and | ) District Judge |
| EDWARD SENU-OKE | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM, OPINION AND ORDER

Plaintiff Johnnie Johnson filed this lawsuit against Joliet Junior College and Edward Senu-Oke, alleging civil rights violations under Title VII of the Civil Rights Act of 1991 and section 1981 of the Civil Rights Act of 1966, as well as state law claims of negligent supervision and retention, defamation, and intentional infliction of emotional distress. Defendants Joliet Junior College and Edward Senu-Oke filed a motion to dismiss the three state law claims (Counts VI, VII, VIII) of plaintiff's eight-count complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Their motion also seeks to dismiss plaintiff's section 1981 claims (Counts IV and V) pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Finally, defendants move to strike plaintiff's request for punitive and exemplary damages. For the following reasons, we grant defendants' motion to dismiss Counts VI, VII, and VIII, but deny the motion with respect to Counts IV and V. We also grant defendants' motion to strike punitive and exemplary damages.

## BACKGROUND

Johnson alleges that during her employment as a professor of sociology in the social and behavioral sciences department of Joliet Junior College, her immediate supervisor, defendant Edward Senu-Oke, discriminated against her because of her African-American race. Johnson specifically asserts that Senu-Oke publicly and privately subjected her to racial slurs and comments, monitored her without cause, threatened and intimidated her, provided disparate treatment with regard to fringe benefits, and removed and reassigned Johnson's classes while refusing new class petitions. Johnson contends that she registered complaints regarding the discriminatory conduct of Senu-Oke with several supervisors, the National Association for the Advancement of Colored People, the Equal Employment Opportunity Commission, and the Joliet Junior College Board of Trustees. Joliet Junior College allegedly informed Johnson that the matter would be investigated, but Johnson contends that no steps were taken to resolve the conduct. Rather, Johnson alleges, Senu-Oke's discriminatory acts intensified, and Johnson's classes were removed and given to lesser-qualified adjunct staff.

Johnson claims that, through the above-mentioned actions, defendant Senu-Oke created an intimidating, hostile, and offensive work environment, which unreasonably interfered with her work performance. Johnson further asserts that through its inaction, despite multiple oral and written complaints regarding Senu-Oke's conduct, Joliet Junior College condoned and ratified the unlawful conduct. Accordingly, plaintiff's eight-count complaint seeks damages for Joliet Junior College's alleged violations of Title VII (Counts I, II, and III), for Joliet Junior College and Senu-Oke's alleged violations of section 1981 (Counts IV and V), and for state claims of Joliet Junior College's negligent supervision and retention of Edward Senu-Oke,

defamation by Senu-Oke, and intentional infliction of emotional distress by both defendants (Counts VI, VII, and VIII, respectively).

## DISCUSSION

In evaluating a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must look to whether the plaintiff has stated a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). For purposes of analyzing such a motion, all facts within the complaint are assumed to be true, and all reasonable inferences are to be drawn in a light most favorable to the plaintiff. *Caremark, Inc. v. Coram Healthcare Corp.*, 113 F.3d 645, 648 (7th Cir. 1997). The court may grant a motion to dismiss pursuant to Rule 12(b)(6) only if it is clear that no relief could be granted under any set of facts consistent with the plaintiff's allegations in the complaint. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

Federal Rule of Civil Procedure 12(b)(1) requires the court to dismiss a matter over which it lacks subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). A motion to dismiss pursuant to Rule 12(b)(1) is reviewed under the same standards as a Rule 12(b)(6) motion to dismiss, except that, when determining subject matter jurisdiction, the court may look beyond the allegations of the complaint and view other submitted evidence. *Johnson v. Apna Ghar, Inc.*, 330 F.3d 999, 1001 (7th Cir. 2003).

Defendants contend that Counts VI, VII, and VIII should be dismissed because the claims are preempted by the Illinois Human Rights Act ("IHRA"), leaving this court without jurisdiction. The IHRA vests the Illinois Human Rights Commission with exclusive jurisdiction over allegations of civil rights violations. 775 ILCS 5/8-111(C) (2006). Further, the IHRA

preempts all state claims that are "inextricably linked" to those claims for civil rights violations. *Geise v. Phoenix Co. of Chicago, Inc.*, 639 N.E.2d 1273, 1277 (Ill. App. Ct. 1994). The distinction between claims that are **preempted** by the IHRA and claims that are not **preempted** turns on the legal duty that the defendant allegedly breached. *Krocka v. City of Chicago*, 203 F.3d 507, 516-17 (7th Cir. 2000). If the **IHRA** did not furnish the legal duty that the defendant's conduct was alleged to have breached, then the **IHRA** does not **preempt** the state law claim. *Id.* As long as the plaintiff can allege facts sufficient to establish the elements of the tort independent of allegations of the civil rights violation, the tort claim is not "inextricably linked" to the civil rights claim and consequently shall not be preempted by the IHRA. *Maksimovic v. Tsogalis*, 687 N.E.2d 21, 23-24 (Ill. App. Ct. 1997).

Johnson claims that Joliet Junior College had a duty to ensure her working environment was free from racial harassment and discrimination by all employees, including managers and supervisors such as Senu-Oke. Johnson contends Joliet Junior College had knowledge of Senu-Oke's allegedly discriminatory conduct but failed to properly supervise its management employees. Joliet Junior College asserts that Johnson's allegations of negligent supervision and retention cannot stand independent of the claimed civil rights violations; therefore, plaintiff's Count VI of the complaint is preempted by the IHRA and this court has no jurisdiction over the matter. We agree. Johnson's negligent supervision and retention claim is based solely on the same allegations set forth in her Title VII claim. Johnson asserts no additional, independent facts to establish the elements of negligent supervision and retention beyond the facts supporting the racial discrimination and retaliation claim. The facts are inextricably linked because there is

4

no foundation for the tort without reference to the alleged civil rights violation and the duties which Title VII imposes on Joliet Junior College.

Similarly, Johnson's claim for intentional infliction of emotional distress is supported only by the facts alleging the civil rights violations. In Count VIII of the complaint, Johnson asserts that defendants' conduct was extreme and outrageous to the point that it went beyond the bounds of decency and would be regarded by society as intolerable. Johnson further contends that defendants' intentional acts directly caused her severe emotional distress. Defendants assert that Johnson relies upon the alleged discriminatory acts to satisfy the elements of intentional infliction of emotion distress. We agree that Johnson's allegations of defendants' extreme and outrageous behavior are inextricably linked to plaintiff's discrimination claim. The behavior described does not rise to a level of conduct that would support an intentional infliction of emotional distress claim absent the support of the allegations within Johnson's discrimination claim. Accordingly, defendants' motion to dismiss Counts VI and Count VIII of plaintiff's complaint is granted.

Based on the allegations in plaintiff's complaint, it is unknown whether Count VII, a claim of defamation against defendant Edward Senu-Oke, can stand independent of plaintiff's claimed civil rights violations. Johnson contends Senu-Oke relayed to employees, supervisors, and colleagues, through oral and written submissions, untrue and offensive statements regarding Johnson's inability to perform her duties. When a statement impugns one's ability to perform her duties, it is considered harm to one's reputation and constitutes defamation *per se*. *Van Horne v. Muller*, 705 N.E.2d 898, 903 (Ill. App. Ct. 1999). However, a plaintiff claiming defamation must specifically state the words alleged to be actionable in order to satisfy the

requirements of notice pleading. *Brown v. G.C. America, Inc.*, 2005 U.S. Dist. LEXIS 28065, at *15 (N.D. Ill. Nov. 15, 2005). Without the specific language of the offensive statements, it cannot be determined whether the alleged defamation was based upon the claimed discriminatory acts of the defendant. Nonetheless, Johnson has failed to sufficiently plead the requirements for a claim of defamation. Therefore, defendants' motion to dismiss Count VII is granted for plaintiff's failure to state a claim upon which relief can be granted.

Defendants next contend that Johnson's section 1981 claims should be dismissed with respect to Joliet Junior College because Johnson failed to allege an official policy or custom of the public entity which violated her constitutional rights. We disagree. Johnson's claims under section 1981 are based upon defendants' alleged failure to provide a hostile-free work environment and defendants' retaliatory actions against Johnson. In that context, section 1981 liability only requires a showing of intentional discrimination. *Morris v. Office Max, Inc.*, 89 F.3d 411, 413 (7th Cir. 1996). Plaintiff must allege that: (1) she is a member of a racial minority; (2) the defendant intended to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute. *Id.* Plaintiff's complaint sufficiently alleges points (1) and (2) as Johnson is an African-American and asserts that defendants intentionally discriminated against her because of her race. The third requirement is fulfilled by section 1981's prohibition of racial discrimination in the modification or termination of contracts and in the enjoyment of benefits and privileges of the contractual relationship. 42 U.S.C. § 1981(a)-(b) (2006). Therefore, Johnson has sufficiently alleged a section 1981 claim, and defendants' motion to dismiss Counts IV and V is denied.

Finally, Joliet Junior College contends that all punitive and exemplary damages requested by Johnson should be stricken pursuant to §2-102 of the Illinois Tort Immunity Act. We agree. Section 2-102 specifically states: "Notwithstanding any other provision of law, a local public entity is not liable to pay punitive or exemplary damages in any action brought directly or indirectly against it by the injured party or a third party." 745 ILCS 10/2-102 (2006). Accordingly, defendants' motion to strike punitive and exemplary damages with respect to Joliet Junior College is granted.

## CONCLUSION

For the abovementioned reasons, the defendants' motion to dismiss [20] is granted with respect to Counts VI, VII, and VIII, and plaintiffs' claims for punitive and exemplary damages against Joliet Junior College are stricken. The motion is denied with respect to Counts IV and V.

IT IS SO ORDERED.

Wayne R. Andersen
District Judge

Dated: April 10, 2007