IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHNNIE JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 06 CV 5086 |
| ) | |
| JOLIET JUNIOR COLLEGE, et al ) | The Honorable Judge Wayne R. Andersen |
| ) | Magistrate Judge Keys |
| Defendants. ) | |

**DEFENDANTS JOLIET JUNIOR COLLEGE AND EDWARD SENU-OKE'S
MOTION FOR SUMMARY JUDGMENT
<u>PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56</u>**

Defendants, JOLIET JUNIOR COLLEGE (JJC) and EDWARD SENU-OKE, by and through their attorneys, JAMES G. SOTOS & ASSOCIATES, LTD., move this Honorable Court for entry of an Order granting them Summary Judgment on Plaintiff's First Amended Complaint in its entirety pursuant to Federal Rule of Civil Procedure 56.

In support of this Motion, Defendants state as follows:

1. Summary Judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56 (c).

2. The above-captioned cause seeks redress against Defendants for alleged violations of Title VII and 42 U.S.C. § 1981. Specifically, Counts I, II and III of Plaintiff's First Amended Complaint allege discrimination, harassment and retaliation against JJC pursuant to Title VII, respectively. Count IV alleges discrimination and hostile work environment against both

Defendants JJC and Senu-Oke pursuant to Section 1981 and Count V alleges retaliation, also pursuant to Section 1981 and against both Defendants.

3. Section 1981 does not provide redress for allegations of national origin discrimination, *Pourghoraishi v. Flying J. Inc.*, 449 F.3d 751, 756 (7th Cir. 2006), and Defendants are therefore, entitled to Summary Judgment on Count IV of Plaintiff's First Amended Complant to the extent it alleges national origin discrimination and/or harassment.

4. Alternatively, Defendants are entitled to Summary Judgment on Plaintiff's claims of national origin discrimination for the same reasons they are entitled to Summary Judgment for Plaintiff's claims of racial discrimination; there is no direct evidence of discrimination and further, under the indirect method, Plaintiff cannot establish that she was meeting Defendants' legitimate performance expectations, she suffered an adverse employment action, or similarly situated employees who were not African-American were treated more favorably. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *Haywood v. Lucent Tech., Inc.*, 323 F.3d 524 (7th Cir. 2003). As a result, Defendant JJC is entitled to Summary Judgment on Counts I and IV of Plaintiff's First Amended Complaint, and Senu-Oke is entitled to Summary Judgment on Count IV.

5. Alternatively, if this Honorable Court finds that Plaintiff has established a *prima facie* case of discrimination, Defendants remain entitled to Summary Judgment as to Counts I and IV because they possess a legitimate non-discriminatory reason for any differential treatment, *i.e.*, Plaintiff's performance waned soon after she was informed that she would be awarded tenure, which is supported by the evidence of student complaints and Plaintiff's own testimony that she refused to teach a class after the semester had started. *See Adelman-Reyes v. St. Xavier*

*Univ.*, 500 F.3d 662, 666-67 (7th Cir. 2007) (negative student comments, among other factors, evince a legitimate non-discriminatory reason for failure to award professor tenure); *Keri v. Bd. of Trustees of Purdue Univ.*, 458 F.3d 620, 626 (7th Cir. 2006) (student complaints are sufficient basis upon which to not recommend a tenure-track professor for reappointment). Due to the absence of any evidence that Defendants' reason is pretextual, they remain entitled to Summary Judgment on Counts I and IV.

6. Plaintiff also cannot prevail on her claim that she suffered a hostile work environment in violation of Title VII and 42 U.S.C. § 1981 because she cannot establish that the alleged harassment was based upon membership in a protected class or that the conduct was sufficiently severe or pervasive. *See Cerros v. Steel Technologies, Inc.*, 288 F.3d 1040, 1045 (7th Cir. 2002). As a result, Defendant JJC is entitled to Summary Judgment on Counts II and IV of Plaintiff's First Amended Complaint and Defendant Senu-Oke is entitled to Summary Judgment on Count IV.

7. Further, Plaintiff cannot meet her burden to establish retaliation under either Title VII or 42 U.S.C. § 1981 by means of either the direct or indirect method, because she cannot establish any adverse act suffered by her after she complained of unlawful discrimination or harassment, that she was meeting legitimate performance expectations, or that any similarly situated employee who did not complain was treated more favorably. *Lewis v. City of Chicago*, 496 F.3d 645, 655 (7th Cir. 2007); *Creal v. Springhill Ford., Inc.*, Case No. 06 C 175, slip op., 2007 WL 3120106, *7 (N.D.Ill., October 19, 2007). Accordingly, Defendant JJC is entitled to Summary Judgment as a matter of law on Counts III and V of Plaintiff's First Amended Complaint and Defendant Senu-Oke is entitled to Summary Judgment on Count V.

8. JJC is further entitled to Summary Judgment on Counts IV and V of Plaintiff's First Amended Complaint because the acts alleged by Plaintiff do not rise to the level of an official "policy or custom" and there is no evidence in the record to support a finding of such a "policy or custom" as required under § 1981. *See Jett v. Dallas Independent Sch. Dist.*, 491 U.S. 701, 735-36, 109 S.Ct. 2702, 105 L.E.2d 598 (1989).

9. Finally, Joliet Junior College is entitled to Summary Judgment on Counts I, II and IV of Plaintiff's First Amended Complaint because it has established the elements necessary for the affirmative defense established by the Supreme Court in the companion cases of *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 765, 118 S.Ct. 2257, 141 L.E.2d 633 (1998), and *Faragher v. city of Boca Raton*, 524 U.S. 775, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998).

10. Defendants have filed a Memorandum of Law in Support of this Motion, which is presently the subject of *Defendants' Unopposed Motion for Leave to File a Memorandum of Law in Support of Summary Judgment in Excess of Fifteen Pages Instanter*, filed in accordance with Rule 7.1 of the Local Rules of this Honorable Court.

11. Further, pursuant to this Honorable Court's suggestion, the parties have conferred and agree that Plaintiff's Response to this Motion is due on or before August 25, 2008 and that Defendant's Reply in support of this Motion is due on or before September 24, 2008.

Defendants, JOLIET JUNIOR COLLEGE and EDWARD SENU-OKE respectfully request that this Honorable Court enter an Order granting them each Summary Judgment on Plaintiff's Complaint in its entirety.

Date submitted: June 27, 2008           s/Sara M. Cliffe
                                        SARA M. CLIFFE, Attorney No. 06273803
                                        JAMES G. SOTOS & ASSOCIATES, LTD.
                                        550 E. Devon, Suite 150
                                        Itasca, Illinois 60143
                                        630-735-3300
                                        630-773-0980 (fax)
                                        scliffe@jsotoslaw.com
                                        *One of the Attorneys for Defendants Joliet Junior College and Edward Senu-Oke*

## CERTIFICATE OF SERVICE

I hereby certify that on Friday, June 27, 2008, I electronically filed **Defendants Joliet Junior College and Edward Senu-oke's Motion for Summary Judgment Pursuant to Federal Rule of Civil Procedure 56** with the Clerk of the Court for the Northern District of Illinois using the CM/ECF system, which will sent notification to the following CM/ECF participants: Kimberly A. Carr, Allie MacInnis Burnett, Erin Elizabeth Buck Kaiser, Joseph E. Urani and Lori A. Vanderlaan;

          s/Sara M. Cliffe
          SARA M. CLIFFE, Attorney No. 06273803
          JAMES G. SOTOS & ASSOCIATES, LTD.
          550 E. Devon, Suite 150
          Itasca, Illinois 60143
          630-735-3300
          630-773-0980 (fax)
          scliffe@jsotoslaw.com
          *One of the Attorneys for Defendants Joliet Junior College and Edward Senu-Oke*